```
                              UNITED STATES DISTRICT COURT
                              SOUTHERN DISTRICT OF FLORIDA

                              CASE NO. 15-62254-Civ-GAYLES
                              MAGISTRATE JUDGE P.A. WHITE
JAMES HUNTER,

     Plaintiff,

     v.                                REPORT OF
                                    MAGISTRATE JUDGE
BROWARD COUNTY SHERIFF'S
OFFICE,

     Defendant.
                                   /
```

## I. Introduction and Background

James Hunter, filed a pro se civil rights complaint, pursuant to 42 U.S.C. §1983. (DE#1). Plaintiff is a prisoner in the custody of the Florida Department of Corrections ("FDOC"), and is confined at Taylor Correctional Institution.

The case has been referred to the undersigned for the issuance of all preliminary orders and any recommendations to the District Court regarding dispositive motions. See 28 U.S.C. §636(b)(1)(B), (C); Fed.R.Civ.P. 72(b), S.D.Fla. Local Rule 1(f) governing Magistrate Judges, and S.D. Fla. Admin. Order 2003-19.

He has filed a motion to proceed *in forma pauperis* which has been granted and a debt established by separate order. Because plaintiff is a prisoner seeking redress against governmental entities, employees, or officers, his complaint is subject to screening under 28 U.S.C. §1915A, which does not distinguish between IFP plaintiffs and non-IFP plaintiffs. See 28 U.S.C. §1915A; Thompson v. Hicks, 213 Fed.Appx. 939, 942 (11th Cir. 2007)(*per*

1

*curiam*).

It is noted that pleadings drafted by pro se litigants must be liberally construed, Haines v. Kerner, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972)(*per curiam*), but the Court may review plaintiff's complaint and dismiss the complaint, or any part thereof, if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. See 28 U.S.C. §1915A.

This Cause is presently before the Court for screening of the plaintiff's complaint (DE#1), pursuant to 28 U.S.C. §1915(e) and 28 U.S.C. §1915A.

## II.  Standard of Review

Because the plaintiff is a prisoner proceeding *in forma pauperis* and seeks redress from a government entity, this case is subject to the judicial screening provisions of United States Code Title 28, Sections 1915 and 1915A. Section 1915(e)(2) instructs that:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, **the court shall dismiss the case at any time** if the court determines that –
>
> \*   \*   \*
>
> (B) the action or appeal --
>
>   (i)  is frivolous or malicious;
>
>   (ii) fails to state a claim on which relief may be granted; or
>
>   (iii)   seeks monetary relief against a defendant who is immune from such relief.

2

Id. (emphasis added).

Section 1983 civil rights actions require the deprivation of a federally protected right by a person acting under color of state law. 42 U.S.C. §1983; Polk County v Dodson, 454 U.S. 312 (1981); Griffin v. City of Opa-Locka, 261 F.3d 1295, 1303 (11th Cir. 2001); Whitehorn v Harrelson, 758 F. 2d 1416, 1419 (11th Cir. 1985). In order to state a claim, a plaintiff must establish (1) he was deprived of a right secured by the Constitution or laws of the United States, and (2) the alleged deprivation was committed under color of state law. 42 U.S.C. 1983; Dodson, 454 U.S. at 312; see Almand v. DeKalb County, Ga., 103 F.3d 1510, 1513 (11th Cir. 1997).

The standard for determining whether a complaint states a claim upon which relief may be granted is the same under Section 1915(e)(2)(B), or Federal Rules of Civil Procedure 12(b)(6) and 12(c). See Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997)("The language of section 1915(e)(2)(B)(ii) tracks the language of Federal Rule of Civil Procedure 12(b)(6)"). A complaint need not contain detailed factual allegations. See Fed. R. Civ. P. 8(a)(2) (pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief . . . .").

Pro se complaints are held to "less stringent standards than formal pleadings drafted by lawyers and can only be dismissed for failure to state a claim if it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Estelle v. Gamble, 429 U.S. 97, 106 (1979)(quoting Haines v. Kerner, 404 U.S. 519, 520-21 (1972)). The allegations of the complaint are taken as true and are construed in the light most favorable to Plaintiff. Davis v. Monroe County Bd. Of Educ., 120 F.3d 1390, 1393 (11th Cir. 1997).

3

However, a plaintiff's obligation to provide the grounds for his entitlement to relief requires more than labels and conclusions; a "formulaic recitation of the elements of a cause of action will not do . . . ." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). The allegations must rise above the speculative level and "state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. A complaint is "frivolous under section 1915(e) "where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989); see Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001). Dismissals on this ground should only be ordered when the legal theories are "indisputably meritless," or when the claims rely on factual allegations that are "clearly baseless." Neitzke, 490 U.S. at 327.

To determine whether a complaint fails to state a claim upon which relief can be granted, the Court must engage in a two-step inquiry. See Twombly, 550 U.S. at 555; Ashcroft v. Iqbal, 556 U.S. 662 (2009). First, the court must identify the complaint's factual allegations, which are entitled to an assumption of truth, and identify and reject the legal conclusions to which no assumption of truth applies. Iqbal, 556 U.S. at 678. Second, the court must determine whether these factual allegations, taken as true, plausibly suggest an entitlement to relief. Id. This is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 556 U.S. at 679. If the well-pleaded facts do not permit the court to infer more than the "mere possibility of misconduct," the complaint is insufficient. Id. When faced with alternative explanations for the alleged misconduct, the Court may exercise its judgment in determining whether plaintiff's proffered conclusion is the most plausible or whether it is more likely that no misconduct

4

occurred.[1]

### III. Facts Set Forth in the Complaint (DE#1)

Construing plaintiff's complaint most liberally under Haines v. Kerner, 404 U.S. 519 (1972), the plaintiff sues the Broward County Sheriff's Office. (DE#1:1).

On September 24, 2015, while being transported from the Broward County Courthouse to the Broward County Jail - J. Conte Facility, the vehicle in which plaintiff was being transported collided with another vehicle. (DE#1:3). Plaintiff was transported to the main jail for a medical evaluation to determine whether he had sustained any injuries, at which time he was declared to be alright and subsequently transferred to the J. Conte Facility. (Id.). Since the accident, plaintiff has experienced major pain and discomfort to his lower back area. (Id.). He notes that no x-rays were ever taken of his back. (Id.).

As relief, plaintiff seeks injunctive relief in the form of a thorough medical examination to determine the extent of his injuries to his lower back. (DE#1:4). He also seeks monetary damages, and if a medical condition does in fact exist, plaintiff seeks full medical benefits. (Id.).

### IV. Sufficiency of the Complaint

The Broward Sheriff's Office is not an individual entity, but merely an arm of the county. Eddy v. City of Miami, 715 F. Supp. 1553 (S.D. Fla. 1989). To demonstrate a claim against the county,

---

[1] The application of the Twombly standard was clarified in Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009).

5

the plaintiff must demonstrate that the county has a specific policy which resulted in the violation of the plaintiff's constitutional rights. Monell v. Dep't of Social Serv's., 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978); Vineyard v. County of Murray, GA, 990 F.2d 1207 (11th Cir. 1993). The complaint currently fails to demonstrate a Monell violation. Thus, plaintiff fails to provide sufficient allegations to make a claim for relief against either the county or the Broward County Sheriff's Office.

## V. Conclusion

Based on the foregoing, it is recommended that this case be dismissed pursuant to §1915A and §1915(e) because it fails to state a claim upon which relief can be granted pursuant to 28 U.S.C. §1915(e)(2)(B)(ii). It is further recommended that judgment be entered and this case be closed.

Objections to this report may be filed with the District Judge within fourteen days of receipt of a copy of the report. Failure to file timely objections shall bar plaintiff from a *de novo* determination by the District Judge of an issue covered in this report and shall bar the parties from attacking on appeal factual findings accepted or adopted by the district judge except upon grounds of plain error or manifest injustice. See 28 U.S.C. §636(b)(1); Thomas v. Arn, 474 U.S. 140, 149 (1985); Henley v. Johnson, 885 F.2d 790,794 (1989); LoConte v. Dugger, 847 F.2d 745 (11th Cir. 1988); RTC v. Hallmark Builders, Inc., 996 F.2d 1144, 1149 (11th Cir. 1993).

Signed this 28th day of October, 2015.

_____
UNITED STATES MAGISTRATE JUDGE

6

```
cc:   James Hunter, Pro Se
      DC# L37258
      Taylor Correctional Institution
      Inmate Mail/Parcels
      8501 Hampton Springs Road
      Perry, FL 32348-8747
```

7