UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

JAMES HUNTER,
        Plaintiff,

v.

Case No. 15-62254-CIV-GAYLES/WHITE

BROWARD COUNTY SHERIFF'S OFFICE,
        Defendant.
                                       /

## ORDER AFFIRMING AND ADOPTING REPORT OF MAGISTRATE JUDGE

**THIS CAUSE** came before the Court on Magistrate Judge Patrick A. White's Report of Magistrate Judge ("Report") [ECF No. 7] entered on October 28, 2015. Plaintiff James Hunter filed a Complaint against the Defendant Broward County Sheriff's Office pursuant to 42 U.S.C. § 1983 on October 26, 2015. [ECF No. 1]. The matter was referred to Judge White, pursuant to Administrative Order 2003-19 of this Court, for a ruling on all pretrial, nondispositive matters, and for a Report and Recommendation on any dispositive matters. [ECF No. 3]. Judge White's Report recommends that the Court dismiss this Complaint. *See* Report at 6. Objections to the Report were due by December 7, 2015. To date, no proper objections have been filed.

When a magistrate judge's "disposition" has properly been objected to, district courts must review the disposition *de novo*. Fed. R. Civ. P. 72(b)(3). When no party has timely and properly objected, however, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72 advisory committee's note. Although Rule 72 itself is silent on the standard of review, the Supreme Court has acknowledged Congress's intent was to only require a *de novo* review where objections have been properly filed, not when neither party objects. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate

[judge]'s factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings."). In any event, the "[f]ailure to object to the magistrate [judge]'s factual findings after notice precludes a later attack on these findings." *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988).

The district court conducts a *de novo* review of an issue only "[w]here a proper, specific objection to the magistrate judge's report is made." *Macort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006) (citing *Stokes v. Singletary*, 952 F.2d 1567, 1576 (11th Cir. 1992)). "It is critical that the objection be sufficiently specific and not a general objection to the report." *Id.* Here, the Plaintiff has filed a "Statement of Claim" [ECF No. 10], which contains nothing more than a retelling of the allegations contained in the Complaint and a repeated request for relief. Because this is not a "proper, specific objection" to the Report, *Marcort*, 208 F. App'x at 784, the Court conducts a review of the record and the applicable law for clear error. The Court has undertaken this review and has found no clear error in the analysis and recommendations stated in the Report. Accordingly, it is

**ORDERED AND ADJUDGED** that the Report [ECF No. 7] is **AFFIRMED AND ADOPTED** as follows:

(1)   James Hunter's Complaint [ECF No. 1] is **DISMISSED WITHOUT PREJUDICE**; and

(2)   the Clerk is directed to **CLOSE** this case.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 11th day of December, 2015.

_____
DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE